*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAWAD A. SHAH, M.D., P.C., ALLIANCE
ANESTHESIA, PLLC, INSIGHT ANESTHESIA,
PLLC, and INSIGHT RADIOLOGISTS, P.C.,

Plaintiffs-Appellees,

v

AUTO CLUB INSURANCE ASSOCIATION,

Defendant-Appellant.

UNPUBLISHED
April 20, 2026
11:25 AM

No. 372543
Wayne County Court
LC No. 24-004685-AV

Before: RICK, P.J., and YATES and MARIANI, JJ.

PER CURIAM.

This interlocutory appeal, concerning payment of personal protection insurance (PIP) benefits, is before this Court as on leave granted.[1] Defendant, Auto Club Insurance Association, challenges the circuit court's order affirming the district court's denial of defendant's motion for partial summary disposition. We reverse and remand.

Defendant provided no-fault PIP coverage to a nonparty insured. In 2021, that insured suffered injuries as a result of a motor vehicle accident, for which she subsequently received treatment; specifically at issue are certain MRI services provided by plaintiffs to the insured. In determining the amount potentially payable for those services, defendant applied the multiple-procedure payment reduction ("MPPR") Medicare rule, which reduces the payable amount by a certain percentage when multiple procedures are performed during a single patient encounter. Plaintiffs brought suit in district court, seeking nonreduced payment for their services. Eventually, defendant moved for leave to file a motion for partial summary disposition. As is relevant here, defendant argued that it properly applied the MPPR to determine the amount of PIP benefits

---

[1] *Shah v Auto Club Ins Ass'n*, unpublished order of the Court of Appeals, entered January 31, 2025 (Docket No. 372543).

payable to plaintiffs under MCL 500.3157(2) of the no-fault act.[2] After a hearing,[3] the district court issued a brief order denying defendant's motion with prejudice.

Defendant then filed a motion for leave to appeal with the circuit court, which the court granted. After briefing and oral argument, the circuit court issued an opinion and order affirming the district court. The circuit court explained that the only question it needed to address was whether insurance companies may use Medicare rules—specifically here, the MPPR—to calculate the amount payable under MCL 500.3157(2). That, in turn, required the court to determine whether the MPPR constituted a "limitation[] unrelated to the rates in the fee schedule" for purposes of the statute's definition of "Medicare." MCL 500.3157(15)(f).[4] Relying primarily on *Central Home Health Care Servs v Progressive Michigan Ins*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 364653), the circuit court held that the MPPR's reduction in payment "occurs after the application of the Medicare fee schedule" and "thus does not affect the rates in the fee schedule." Accordingly, the circuit court concluded that the MPPR "is a limitation promulgated by Medicare that is unrelated to the rate in the fee schedule and cannot be considered when applying MCL 500.3157(2)." This appeal followed.

---

[2] MCL 500.3157(2) provides:

Subject to subsections (3) to (14), a physician, hospital, clinic, or other person that renders treatment or rehabilitative occupational training to an injured person for an accidental bodily injury covered by personal protection insurance is not eligible for payment or reimbursement under this chapter for more than the following:

(a) For treatment or training rendered after July 1, 2021 and before July 2, 2022, 200% of the amount payable to the person for the treatment or training under Medicare.

(b) For treatment or training rendered after July 1, 2022 and before July 2, 2023, 195% of the amount payable to the person for the treatment or training under Medicare.

(c) For treatment or training rendered after July 1, 2023, 190% of the amount payable to the person for the treatment or training under Medicare.

[3] At the hearing, plaintiff's counsel verbally waived any objection to defendant's request for leave to file the motion and argued against the motion only on its merits.

[4] The full definition is as follows:

"Medicare" means fee for service payments under part A, B, or D of the federal Medicare program established under subchapter XVIII of the social security act, 42 USC 1395 to 1395*lll*, without regard to the limitations unrelated to the rates in the fee schedule such as limitation or supplemental payments related to utilization, readmissions, recaptures, bad debt adjustments, or sequestration. [MCL 500.3157(15)(f).]

As the circuit court correctly recognized, the dispositive question in this appeal is whether the MPPR is a "limitation[] unrelated to the rates in the fee schedule" for purposes of MCL 500.3157(15)(f), such that it cannot be used in determining the amount payable under MCL 500.3157(2). On September 18, 2025, while the instant appeal was pending, this Court released its decision in *Favot v Brown*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket Nos. 368733; 368734), which decided that very question. Looking to the plain language of the statute and also drawing heavily on the *Central Home* decision, *Favot* concluded that the Medicare rules at issue in that case—which included the MPPR—"*are* related to the fee schedule" and "affect the amount Medicare would pay for the particular service, meaning they may be considered for purposes of the no-fault act." *Id*. at ___; slip op at 5, citing MCL 500.3157(15)(f) and *Central Home*, ___ Mich App at ___; slip op at 4, 6.

Turning to the instant appeal, we conclude its outcome is governed by *Favot*, which squarely decided the issue presented—whether the MPPR may be applied in determining the amount of PIP benefits payable by defendant for plaintiffs' MRI services. Under *Favot*, the answer is yes, and the lower courts erred in concluding otherwise (although of course, they did not have the benefit of *Favot* when reaching their conclusions). *Favot* is precedentially binding, and it controls our disposition here. MCR 7.215(C)(2), (J)(1).

Accordingly, the circuit court's order affirming the district court's denial of defendant's motion for partial summary disposition is reversed, and the case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Christopher P. Yates
/s/ Philip P. Mariani

-3-